**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Keith H.,                                                                Civil No. 25-2132 (DWF/DLM)

        Plaintiff,

v.                                                                                **MEMORANDUM**
                                                                                     **OPINION AND ORDER**
Frank Bisignano, *Commissioner of Social
Security*,

        Defendant.


## INTRODUCTION

This matter is before the Court on Plaintiff Keith H.'s complaint seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits.  (Doc. No. 1.)  Plaintiff asks the Court to reverse the Commissioner's final decision and award benefits, or in the alternative, remand the case for further proceedings.  (Doc. No. 9.)  The Commissioner opposes this request and asks the Court to affirm the denial.  (Doc. No. 11.)  For the reasons set forth below, the Court denies Plaintiff's request and dismisses this matter with prejudice.

## BACKGROUND

Plaintiff applied for supplemental security income in April 2021.  (Tr. 15, 262-70.)[1]  Following two hearings on the matter, an Administrative Law Judge ("ALJ") denied Plaintiff's application on April 10, 2024.  (Tr. 15-29.)  That decision became final

---

[1]    Throughout this Order, the Court uses the abbreviation "Tr." to reference the administrative record.  (*See* Doc. No. 7.)

on March 28, 2025.  (Tr. 1-5.)  Plaintiff now seeks review of the ALJ's decision.  (Doc. No. 1.)

The ALJ followed the five-step sequential evaluation process outlined in 20 C.F.R. § 416.920(a)(4) (2026).[2]  At step two, the ALJ found that Plaintiff suffered from three severe impairments:  schizoaffective disorder, anxiety disorder, and substance use disorder.  (Tr. 17.)  At step three, the ALJ concluded that Plaintiff's severe impairments did not meet or equal any listing within the Listing of Impairments.  (Tr. 18.)  Next, the ALJ determined that Plaintiff has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations:  can understand, carry out and persist in routine repetitive tasks; can engage in superficial interactions with supervisors and co-workers, such as taking instructions, relaying information, and transferring materials; no customer or client service duties; can adapt to the stressors of a routine repetitive work setting.

(Tr. 21.)  Using that RFC, the ALJ found that Plaintiff could not perform his past relevant work, but that there are other jobs that exist in significant numbers in the national economy that he can perform, given his age, education, and work experience.  (Tr. 27.)

---

[2]  First, the ALJ determines whether the claimant has engaged in any substantial gainful activity.  Second, the ALJ determines whether the claimant has any severe medically determinable impairments.  Third, the ALJ compares any severe impairments found to the Listing of Impairments to assess whether the claimant's impairments meet or equal one of the listed impairments.  Before moving from step three to step four, the ALJ assesses the claimant's residual functional capacity ("RFC").  Fourth, the ALJ uses the claimant's RFC to determine whether they can perform their past relevant work.  Fifth, and finally, the ALJ considers whether the claimant can perform any other job given their RFC, age, education, and work experience.  *See* 20 C.F.R. § 416.920(a)(4).

Accordingly, the ALJ concluded that Plaintiff is not disabled and denied his request for supplemental security income.  (Tr. 29.)

## DISCUSSION

A court will affirm an ALJ's decision to deny benefits if that decision is supported by substantial evidence in the record as a whole and the ALJ made no legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (citation modified).  In some cases, substantial evidence supports two conflicting outcomes, creating a "zone of choice" where the ALJ may exercise their discretion.  *See id.*  A court will not overturn an ALJ's decision if it falls within that zone, even if it might have reached a different conclusion.  *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008).  A legal error may be a procedural error, use of the wrong legal standard, or improper application of the law.  *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020).

Plaintiff challenges the ALJ's determination of his RFC.  Specifically, he argues that the ALJ's finding of only moderate limitations in interactions with others is not supported by substantial evidence.  (Doc. No. 9 at 10-11.)  According to Plaintiff, "[e]very provider and every indication in this file" supports a finding of marked limitations in interactions with others, except for the psychological consultative examiner, Dr. Dustin Warner, whose opinion the ALJ found generally persuasive.  (*Id.* at 11; *see* Tr. 26.)  Plaintiff implies that the ALJ relied improperly on Dr. Warner's

opinion because Dr. Warner did not fully explain why he found only moderate limitations in interactions with others.  (Doc. No. 9 at 11.)

The ALJ considered Plaintiff's testimony, medical records, the statements of the two psychological consultants, and Dr. Warner's statement.  (*See* Tr. 22-27.)  He ultimately found that Plaintiff's statements about the intensity and persistence of his difficulty interacting with others were not entirely consistent with the objective medical evidence and other evidence in the record.  (Tr. 22.)  Generally, Plaintiff's providers found him to be stable, particularly when he was taking his medication.  (Tr. 22-25.)  The ALJ found Dr. Warner's statement generally persuasive because of his expertise, programmatic knowledge, and direct examination of Plaintiff.  (Tr. 26.)  The other two consultants also found only moderate limitations in Plaintiff's ability to interact with others.  (Tr. 131, 139.)  The ALJ found their statements only somewhat persuasive, seemingly because they did not directly examine Plaintiff.  (*See* Tr. 25-26.)

After reviewing the administrative record, the Court finds that the ALJ's decision is supported by substantial evidence.  An ALJ determines a claimant's RFC by reviewing "all relevant evidence, including medical records, observations of treating physicians, and claimant's own descriptions of [their] limitations."  *Kraus*, 988 F.3d at 1024 (quoting *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015)).  "Although it is the ALJ's responsibility to determine the claimant's RFC, the burden is on the claimant to establish his or her RFC."  *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) (citation omitted).  That RFC must be supported by some medical evidence.  *Id.*

4

As Plaintiff acknowledges, the medical documentation of his impairments is generally sparce.  (*See* Doc. No. 9 at 10.)  The ALJ considered what was in front of him, including Plaintiff's testimony about his difficulties interacting with others, and appropriately found that the objective medical evidence did not support his testimony about the severity of his symptoms.  *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (noting that courts defer to an ALJ's determination that a claimant's testimony was not wholly credible in light of the objective medical evidence).  The ALJ properly relied on the objective medical evidence and the three consultant statements to find only moderate limitations.  While Dr. Warner did not directly explain his finding of moderate limitations, he did provide a telerecorded message describing his examination of Plaintiff and his conclusion was otherwise supported by Plaintiff's medical records.  In sum, there is substantial evidence in the record to support the ALJ's RFC determination.  Contrary to Plaintiff's argument, Dr. Warner was not the only provider to indicate moderate limitations and the other medical records support this conclusion.  The Court cannot reweigh the evidence, so it affirms the Commissioner's final decision.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Keith H.'s request for relief (Doc. No. [9]) is **DENIED**.

2.    The Commissioner's request for relief (Doc. No. [11]) is **GRANTED**.

6

3.      The complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 25, 2026                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge